UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER M. FLEMING AND KEYTE N. ERNST** | § § § § | **CIVIL ACTION NO:** |
| *Plaintiffs* | § | |
| v. | § § | |
| **GRAND DESIGN RV, LLC** | § § § | |
| *Defendant* | § | **JURY TRIAL REQUESTED** |

## COMPLAINT

### I.  Parties

1. Plaintiffs, CHRISTOPHER M. FLEMING and KEYTE N. ERNST, are individuals that now and have been at all times citizens of the state of Virginia.

2. Defendant, GRAND DESIGN RV, LLC, hereinafter "GRAND DESIGN," is an Indiana citizen and limited liability company authorized to do and doing business in the State of Indiana with its principal place of business located at Middlebury, Indiana and is a warrantor of a recreational vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

GRAND DESIGN's agent for service of process is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204.

### II.  Jurisdiction

3. This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

-1-

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiffs' state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III. Venue

4. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV. Conditions Precedent

5. All conditions precedents have been performed or have occurred.

### V. Facts

#### A. The Transaction

6. On or about February 5, 2021, Plaintiffs purchased a new 2021 GRAND DESIGN MOMENTUM 399 TH-R bearing VIN: 573FM4537M1118595, hereinafter "MOMENTUM," from GENERAL RV.

The "MOMENTUM" was purchased primarily for Plaintiffs' personal use. The sales contract was presented to Plaintiff at the dealership and was executed at the dealership.

7. The sales price of the MOMENTUM was $104,589.00. Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law. See ***Hughes v. Segal Enterprises, Inc.*, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); *Chariton Vet Supply, Inc. v. Moberly Motors Co.*, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

### B. Implied Warranties

8. As a result of the sale of the MOMENTUM by Defendants to Plaintiffs, an implied warranty of merchantability arose in the transaction which included the guarantee that the MOMENTUM would pass without objection in the trade under the contract description, and that the MOMENTUM was fit for the ordinary purpose for which such motor vehicles are purchased.

9. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants. Specifically, the Defendants impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C. Express Warranties

10. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the MOMENTUM, occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the MOMENTUM had, in fact, repaired the defects.

11. Plaintiff' purchase of the MOMENTUM was accompanied by a one year and three year structural express warranties offered by the Defendant and extending to the Plaintiffs. These warranties were part of the basis of the bargain of Plaintiffs' contract for purchase of the MOMENTUM.

12. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the GRAND DESIGN's warranty booklet and owners manual. Also, the Defendant continued to agree to extended its express warranty with the Plaintiffs

to cover defects that were discovered and tendered for repairs during the original factory warranty.

### D.   Actionable Conduct

13. In fact, when delivered, the MOMENTUM was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to, the following in the Plaintiff's own words:

> "**1.   FRAME FLEX DEFECTS, NON-CONFORMITIES, AND CONDITIONS;**
>
> **2.   TRIPLE AXLE DEFECTS, NON-CONFORMITIES, AND CONDITIONS;**
>
> **3.   STRUCTURAL DEFECTS, NON-CONFORMITIES, AND CONDITIONS;**
>
> **4.   ANY NON-CONFORMITIES, DEFECTS AND CONDITIONS LISTED IN ANY REPAIR ORDER.**

14. Since purchase, Plaintiffs have returned their MOMENTUM to the Defendant and its authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant were given the opportunity to repair the MOMENTUM, the more significant and dangerous defects were not repaired. Defendant failed to repair the subject vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the MOMENTUM, continues to this day to exhibit some or all of the non-conformities and/or defects described herein.

15. The defects experienced by the Plaintiffs with the MOMENTUM substantially impaired its use, value and safety.

16. Plaintiffs directly notified the Defendant of the defective conditions of the MOMENTUM

on numerous occasions.

17. The Defendant ***has expressly breached its express warranties*** by refusing to repair the Plaintiffs' MOMENTUM under the terms and conditions of said express warranty.

### VI. Causes of Action

**COUNT 1: VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

18. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

19. Plaintiffs are "consumers" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

20. Defendant is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

21. The MOMENTUM is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

22. The express warranties more fully described herein above pertaining to the MOMENTUM, is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

23. The actions of the Defendant as herein above described, in failing repair Plaintiffs' MOMENTUM under the terms and conditions of its three year structural warranty constitutes a breach of the written and implied warranties covering the MOMENTUM and hence a violation of the Magnuson-Moss Warranty Act.

24. Plaintiffs have performed all things agreed to and required of them under the purchase

agreement and warranty, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

26. As a direct and proximate result of the acts and omissions of Defendant and each of them as set forth herein above, Plaintiffs has been damaged herein above in an amount in excess of $500,000.00 according to proof at trial.

26. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2:   BREACH OF EXPRESS WARRANTIES**

27. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

28. The Defendant's advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiffs' MOMENTUM or those similarly situated were free from inherent risk of failure or latent defects. In addition, the Defendant issued an expressed written warranty which covered the MOMENTUM and warranted that the MOMENTUM, was free of defects in materials and work quality at the time of delivery.

29. As alleged above, the Defendant breached its warranties by offering for sale and selling as safe to Plaintiffs a MOMENTUM that was latently defective, unsafe, and likely to cause economic loss to

Plaintiffs.

30. In breach of the foregoing warranties, the Defendant have failed to correct said defects.

31. The damages Plaintiffs has suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### COUNT 3:    BREACH OF IMPLIED WARRANTIES

32. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

33. The Defendant impliedly warranted that Plaintiffs' MOMENTUM which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

34. Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendant is unreasonable and unconscionable and void under the principles of estoppel, because Defendant knew the defects existed and might not be discovered, if at all, until the MOMENTUM, had been driven for a period longer than the period of the written warranty, and Defendant willfully withheld information about the defects from Plaintiffs.

35. Because of the defects, Plaintiffs' MOMENTUM is unsafe and unfit for use and has caused economic loss to the Plaintiffs. Therefore, the Defendant breached the implied warranty of merchantability.

36. The damages Plaintiffs has suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses

associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### VII. Economic and Actual Damages

37. Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein above:

    a.. Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

    b. Loss of use;

    c. Loss of the "benefit of the bargain";

    d. Diminished or reduced market value; and

    e. Costs of repairs.

### IX. Attorney Fees and Costs

38. Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

### X. Prayer

39. For these reasons, Plaintiffs pray for judgment against the Defendant for the following:

    a. For general, special and actual damages according to proof at trial;

b. Rescinding the sale of the 2021 GRAND DESIGN MOMENTUM 399 TH-R bearing VIN: 573FM4537M1118595 and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c. For incidental and consequential damages according to proof at trial;

d. Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

e. Any diminution in value of the MOMENTUM, attributable to the defects;

f. Past and future economic losses;

g. Prejudgment and post-judgment interest;

h. Damages for loss of use of vehicle;

i. Civil Penalties and/or Punitive damages;

j. Damages for mental anguish;

k. Attorney fees;

l. Costs of suit, expert fees and litigation expenses; and

m All other relief this Honorable Court deems appropriate.

## XI.   Demand for Jury Trial

40. Plaintiffs hereby demand a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFFS